---

(Hamilton County, Court of Insolvency.)
IN THE MATTER OF THE ASSIGN-
  MENT OF THE CINCINNATI CON-
  SUMERS' BREWING COMPANY.

1. Where property in the hands of re ceivers is sold by order of court, and the purchaser makes an assignment before completing his payments, jurisdiction over the balance of unpaid purchase money is exclusive in the court in which the property was sold.

2. Collections by the assignee of accounts belonging to the previous receivers lose their trust character when mingled with other funds in the hands of the assignee, and the receivers are left in the position of general creditors.

3. The act of congress requiring that a ten-cent revenue stamp shall be affixed to "a certificate of any description required by law" does not apply to mechanics' liens prepared and recorded as required by the Ohio statutes.

4. A proposition in writing which is accepted verbally does not become a contract in writing.

5. The holder of a mortgage covering both realty and personality can not be compelled by the holders of subsequent mechanics' liens, which attach to the realty only, to exhaust the fund arising from the sale of the personalty before coming on the fund arising from the sale of the real estate.

---

McNEILL, J.

First. Taxes and Street Assessments.

The receivers of the Banner Brewing Company, in cause No. 47357, superior court of Cincinnati, prior to August 3, 1898, sold the property of the Banner Brewing Company to the assignor herein, the Cincinnati Consumers' Brewing Company, for the sum of $32,000, $16,000 cash, and $16,000 on time, evidenced by two notes of $8,000 each, secured by mortgage on the real and personal property sold. The superior court on August 3, 1898, made an order of partial distribution being of the cash payment, and ordered certain installments of the taxes and street assessments paid, leaving other installments of same on the property sold, unpaid, and ordered that "the balance remaining in the hands of the receivers, shall be held subject to the further order of this court" The Cincinnati Consumers' Brewing Company afterward made an assignment for the benefit of its creditors, and under proceedings taken in this court, the property has been sold and the funds are now in the hands of the assignee. The receivers of the Banner Brewing Company are parties to the proceeding, asking that the amount of their mortgage claim be paid to them. The assignee asks the court to order a set off in his favor against the receivers' claim, to the amount of the taxes and assessments which by law should be paid by the receivers. The funds arising from the sale by the receivers is under the exclusive jurisdiction of the superior court for the purposes of distribution. Any attempt of the court to apply any part of those funds to the payment of particular claims would be an interference with the jurisdiction of that court. The assignee will therefore be remitted to that court for the purpose of having the question as to what taxes and assessments should be paid out of that fund determined.

Second. Money Collected by the Assignor for the Receivers.

When the Banner Brewery was sold by the receivers to the assignor herein, and possession given, an agreement was entered into by the receivers with the assignor by which it was to collect certain outstanding claims in favor of the receivers and account for the same according to the agreement. The assignor, prior to the assignment, collected a number of the claims, the exact amount of which is in dispute— the experts who have examined the books of the assignor disagreeing as to the amounts—but the amount is between $1,600 and 1,950.

These funds were mingled by the assignor with its own, and used in its business, and there is now no way to identify these funds—which are trust funds—from the other funds of the assignor. The law is well settled that trust funds can be followed so long as they can be identified, and the purpose of the trust fastened upon the property into which the funds may be traced. In other words, the title follows the fund and attaches to it in its substituted form. But where the identity is lost and no particular property or fund can be pointed out as embracing the trust funds, then the cestui will stand on no better footing than other creditors. This is also well settled.

Perry on Trusts, sections 128-828; Story's Eq., section 1228.

Therefore the receivers, being unable to trace these funds into any particular property, or fund, must stand on the same footing as the general creditors.

Third. Mechanics' Liens.

Quite a large number of mechanics' liens have been presented for various amounts against the real property sold herein, and no question as to their validity has been raised (save that held by Schott & Sons) excepting that a number of them were unstamped; it being claimed in behalf of the general creditors of the estate that under the provisions of the revenue act of congress of June 13, 1898, a ten-cent revenue stamp should have been attached to each instrument, under the clause of said act which provides that "a certificate of any description required by law not otherwise specified in this act, ten cents." It is argued that a fair construction of this clause will include mechanics' liens. A mechanic's lien prepared under the provisions of the Ohio Statutes is not such an instrument as we ordinarily call a certificate. In the statute (section 3185) it is designated an "affidavit" and "a sworn and itemized account," etc. I am therefore of opinion that the clause of the revenue act above referred to does not apply to mechanics' liens. But be that as it may, it was clearly shown at the hearing herein that the omission (if omission it be) of the several parties to place stamps on their several instruments was without any "intent to evade the provisions of the act of June 13, 1898, and with the consent of the Collector of Internal Revenue of this district all have since been stamped with a ten-cent revenue stamp, duly canceled." It is a fraudulent and not an accidental omission at which the penalty of the statute is leveled. Campbell v. Wilcox, 10 Wal., 421.

But further than this our supreme court in the case of Stewart v. Hopkins, 30 Ohio St., 502, 525-6, held, in substance, that it is beyond the power of congress to prescribe as a penalty that which invades the rules of evidence of the state courts; and the prohibition against the recording of instruments not stamped as required by law must be held to apply to such instruments as are required to be recorded by Federal legislation and to officers under Federal control.

Therefore, following this decision these mechanics' liens, having been prepared and recorded as required by the Ohio statutes, are valid.

The affidavit of J. M. Schott & Sons for a mechanic's lien recites that they made a proposition in writing to the assignor for the work which they did, which was accepted by the assignor and the work done accordingly. The evidence shows that while the proposition was in writing, the acceptance was verbal. The point is made that a

copy of the contract is not set forth in this instrument, as is required by the statute when the contract is in writing. It would require the signature of both parties to make it a contract in writing. Hence the omission of the written proposition does not render the instrument invalid.

The receivers of the Banner Brewing Company hold a mortgage which covered both the real and personal property. The holders of the mechanics' liens have liens only on the fund arising from the sale of the real estate; and it is claimed in their behalf that, under the rule in equity for the marshaling of securities, the receivers should be required to first exhaust the fund arising from the sale of the personal property covered by their mortgage before coming on the fund arising from the sale of the real estate. The rule on the subject of marshaling securities is stated thus: "The general principle is, that if one party has a lien on or interest in two funds for a debt, and another party has a lien on or interest in one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund, in the first instance, for the satisfaction, if that course is necessary for the satisfaction, of the claims of both the parties.'"

Green v. Ramage, 18 Ohio, 428; citing 1 Story's Eq., section 633.

In Green v. Ramage, Judge Caldwell, after setting forth the rule as above given, goes on to say that "in this case, however, there are three parties interested. If Green should compel Wilson to exhaust lot 39 before he comes on lot 14, then Green will have the benefit of the fund arising from lot 39; although he took no security on it. But Hillier by this arrangement will be deprived entirely of his security on lot 39; although he took a mortgage on it. We think the rule can not be applied in a case of this kind. The principle is one established for the purpose of securing to parties the rights to which, upon the principles of natural justice, they are entitled. To deprive Hillier of his security in this way would be manifestly unjust."

Following this reasoning on the subject I do not think the rule should apply here. The receivers were given a purchase money mortgage on the property conveyed by them to the assignee. The mechanics, etc., took their liens under the statute on the real estate with the improvements. They had notice on the records of this mortgage, and their liens were subject to it. Before any steps were taken to enforce either the mortgage or the liens, the assignor by a deed of assignment created a trust in favor of all his creditors, and the rights of the creditors then attached. When the assignor conveyed all this property in trust, the lienholders had no interest in the personal property conveyed. The assignor had dominion over his property to make this conveyance and establish those rights in his creditors, and it seems clear to me that it would be unjust to apply this rule between two classes of creditors who have security, and deprive the general creditors of the benefit of the trust which was created in their favor, the fund arising from the sale of the real estate not being sufficient to pay the mechanic's liens in full.

Walter L. Granger for the assignee.

Thomas B. Paxton for the receivers.

Drausin Wulsin for the general creditors.

Pogue & Pogue, William Worthington, George W. Hardacre, Charles Phares and John J. Gasser for the mechanics lien holders.